IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **PETER PAPPALARDO,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:08-0796 |
| ) | |
| **T.R. CRAIG, Warden,** *et al.*, ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On May 30, 2008, Petitioner, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.[1] (Document Nos. 1 and 2.) Petitioner complains that his due process rights were violated during disciplinary proceedings causing a loss of good time credit and his transfer to a higher security institution. (Document No. 2.) Specifically, Petitioner alleges the disciplinary process violated the requirements of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974),[2] the Code of Federal Regulations, and the Administrative Procedure Act. (Id., p. 1.)

On September 28, 2007, Petitioner was informed by prison officials that his urine sample

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court stated what procedure is required at a minimum. Specifically, an inmate subject to administrative disciplinary sanctions impacting the duration of his sentence is entitled (1) to receive advance notice of charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense as long as it does not jeopardize institutional safety or correctional goals, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. Id., 418 U.S. at 563 - 569, 94 S.Ct. at 2978 - 2981.

tested positive for narcotics (Opiates/Morphine) and he was placed in the Special Housing Unit. (Id., pp. 1 - 2.) First, Petitioner complains that he did not receive the Incident Report charging him with violating Offense Code 112 until October 5, 2007. (Id., p. 2.) Petitioner asserts 28 C.F.R. § 540.17 and Program Statement 5270.07 "requires that the incident report should be delivered to the inmate within 24hrs of the time staff becomes aware of inmate's involvement of incident."[3] (Id.) Second, Petitioner contends that "upon deliverance of the incident report by Lieutenant Johnson, he never notified Petitioner of the charges against him, never advised him of his rights, never read the incident report to Petitioner, in fact didn't even verify Petitioner was the inmate named in the incident report." (Id.) Third, Petitioner argues he was not permitted to make any statements during the disciplinary process. (Id.) Fourth, Petitioner complains that the Unit Disciplinary Committee violated Section 540.17 and P.S. 5270.07 by failing conduct a hearing within 72 hours. (Id.) Specifically, Petitioner alleges "[t]hey waited 4 work days, when it should have been 72hrs." (Id.) Finally, Petitioner asserts he was found guilty on October 19, 2007, of violating Offense Code 112 based upon "erroneous information." (Id.) Petitioner explains that the DHO Report reveals the DHO "mistakenly believed that Petitioner's urine sample tested positive for marijuana." (Id.) Petitioner, therefore, contends that the disciplinary hearing process was "arbitrary and capricious." (Id.) Petitioner requests that the Court (1) "hold the entire disciplinary process unlawful, set aside all

---

[3] BOP regulations are clearly written in view of the constitutionally required minimum, but the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation when a protected liberty interest is evident as long as the constitutionally required minimum is met. *See Myers v. Klevenhager*, 97 F.3d 91, 94 (5th Cir 1996); *Giovanni v. Lynn*, 48 F.3d 908, 913 (5th Cir. 1995), *cert. denied*, 516 U.S. 860, 116 S.Ct. 167, 133 L.Ed.2d 109 (1995). The undersigned notes additionally that the Supreme Court has indicated that prison regulations are not designed to confer rights on or benefits to inmates. Rather, they are primarily designed to guide correctional officials in the administration of prisons. *Sandin v. Conner*, 515 U.S. 472, 481- 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

findings and conclusions, and dismiss and expunge all charges from Petitioner's institutional record;" (2) restore all good-time credit; and (3) transfer Petitioner to a "low security institution." (Id., p. 4.)

Petitioner attaches the following Exhibits: (1) A copy of the "Incident Report" dated October 5, 2007, indicating that Petitioner violated Offense Code 112 (Id., pp. 5 - 6.); (2) A copy of Petitioner's "Central Office Administrate Remedy Appeal dated December 27, 2007 (Id., pp. 7 - 8.); (3) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated November 4, 2007 (Id., p. 10.); (4) A copy of Regional Director D. Scott Dodrill's Response to Administrative Remedy No. 472753-R1 dated December 6, 2007 (Id., pp. 11 and 13.); and (5) A copy of Administrator Harrell Watts' Response to Administrative Remedy No. 472753-A2 dated March 12, 2008 (Id., p. 13.).

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of

Petitioner's release from custody, the Respondent can no longer provide the requested relief.[4] Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document Nos. 1 and 2.) and **REMOVE** this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger.

---

[4] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on March 4, 2011.

4

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner, who is acting *pro se*.

Date: June 16, 2011.

R. Clarke VanDervort
United States Magistrate Judge